IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SANTOS CURUP, | § | |
| Plaintiff | § | |
| | § | |
| V | § | CIVIL ACTION NO. 4:24-cv-1115 |
| | § | |
| SAN PIETRO, LLC, | § | |
| XHEMAL JIMMY SHAHINI, Individually, | § | |
| Defendants | § | |
| | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

This is an action arising under the Fair Labor Standards Act of 1938 ("FLSA"), brought as an individual action to recover unpaid overtime compensation, liquidated damages, and attorney's fees owed to Plaintiff Santos Curup by Defendants, and their subsidiaries and affiliated companies.

### Parties

1.     Plaintiff Santos Curup (Mr. Curup), former employee of the Defendants, was personally engaged in interstate commerce during his employment with the Defendants, and is represented by the undersigned.

2.     Defendant, San Pietro, LLC ("San Pietro"), is a Texas limited liability company that employed Mr. Curup. With respect to the Plaintiff, San Pietro is subject to the provisions of the FLSA. San Pietro was at all relevant times an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. §§ 203(r) and (s), and had gross annual revenues in excess of $500,000. San Pietro may be served through its registered agent Xhemal Jimmy

1

Shahini at 23 Ember Branch Dr., Missouri City, TX 77459, or 9710 Leafegate Ct., Missouri City, Texas 77459 or wherever he may be found.

3.     Defendant Xhemal Jimmy Shahini (Mr. Shanini) is an individual that is registered as the owner of San Pietro and was an "employer" as that term is defined by the FLSA because he acted on behalf of San Pietro in setting the terms of wages and hours throughout the company, and running it on a day to day basis. Mr. Shanini worked as part of the enterprise engaged in interstate commerce as defined by 29 U.S.C. §§ 203(r) and (s). Mr. Shanini may be served with process at 23 Ember Branch Dr., Missouri City, TX 77459 or 9710 Leafegate Ct., Missouri City, Texas 77459 or wherever he may be found.

### Jurisdiction and Venue

4.     This Court has jurisdiction under the FLSA, and venue is proper under 28 U.S.C. § 1391(b), as Defendants and Plaintiff transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well. Upon information and belief, Defendants conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

### Coverage

5.     At all material times, Defendants have been employers within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

6.     At all material times, Defendants have been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

7.     At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because they have

had employees engaged in commerce. 29 U.S.C. § 203(s)(1). Further, Defendants have had, and continue to have, an annual gross business volume of not less than $500,000.

8.     At all material times, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 206-207.

9.     Defendant Mr. Shanini is the principal owner of Defendant San Pietro LLC.

10.    Defendant Mr. Shanini is an officer or director of the corporate defendant.

11.    Defendant Mr. Shanini is involved in the day-to-day business operation of the corporate Defendant.

12.    With respect to the corporate Defendant, Mr. Shanini has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the corporation's checking accounts, including payroll accounts, and the authority to make decisions regarding employee compensation and capital expenditures.

13.    Defendants are Plaintiff's "employers" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d).

Factual Allegations

14.    Plaintiff, Mr. Curup, was an employee of Defendant San Pietro from December 2018 to December 2024.

15.    During his time of employment, the Plaintiff worked for named Defendants.

16.    Plaintiff worked as an employee of Defendants, San Pietro, under the supervision of Mr. Shanini, as a general laborer. The Plaintiff consistently worked over 40 hours per week. Although he was not exempt from the FLSA, the Plaintiff was not compensated for his overtime pay. Mr.

3

Shanini and San Pietro paid the Plaintiff straight time pay for all hours worked instead of properly paying them overtime pay.

17.    At all times relevant hereto, the Defendants knew of, approved of, and benefited from Plaintiff's regular and overtime work.

18.    Plaintiff was not an "exempt" employee.

19.    Defendants instructed Plaintiff about when, where, and how he was to perform his work.

20.    Defendants trained the Plaintiff.

21.    The Plaintiff's services were integrated into Defendants' operations.

22.    Defendants set Plaintiff's work schedule.

23.    Plaintiff performed all of his work at Defendants' job site.

24.    Plaintiff devoted substantially full time to Defendants' business.

25.    Plaintiff was required to perform his work in an order or sequence set by Defendants.

26.    Defendants maintained the right to discharge Plaintiff at will.

27.    Defendants incorrectly classified Plaintiff and other employees as independent contractors instead of employees.

28.    Although Plaintiff was classified as an independent contractor, Plaintiff was paid on an hourly basis and made to log in his start and stop times.

29.    Defendants did not make a good faith effort to comply with the overtime provisions contained within the FLSA, and knowingly violated the FLSA.

30.    Defendant Mr. Shanini is the owner and control person of San Pietro and is personally involved in the day-to-day operations of this business, in the establishment and enforcement of personnel policies, compensation policies and record keeping responsibilities of San Pietro.

4

31.     Defendant Mr. Shanini has the authority to hire, discipline and fire employees, and to determine employee compensation.

### Plaintiff' Individual Allegations

32.     As a non-exempt employee, Plaintiff was entitled to be paid at time-and-one-half of his appropriate regular rate for all hours worked in excess of forty-(40)-hours in a workweek. 29 U.S.C. §207 (a) (2008). Defendants' practice of failing to pay time-and-one-half for all overtime hours worked was and is in violation of the FLSA.

33.     No exemption excuses the Defendants from paying the Plaintiff the overtime rates for all hours he worked over forty (40) per workweek. In addition, the Defendants have not made a good faith effort to comply with the FLSA.  As such, the Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation with respect to the Plaintiff. Such practices were and are clear violations of the FLSA.

### CAUSES OF ACTION

### Violation of the FLSA – Failure to Pay Overtime Wages Owed

34.     Based on the foregoing, Defendants violated the FLSA by failing to properly compensate the Plaintiff for work performed in the employ of the Defendants.

35.     Plaintiff has suffered damages as a direct result of Defendants' illegal actions.

36.     Defendants are liable to Plaintiff for all unpaid overtime compensation and liquidated damages, attorney's fees and costs of Court under the FLSA for work performed during time worked in excess of 40 hours per work week for the length of employment for Plaintiff spanning from December 2022 to December 2024.

### Jury Demand

37.     Plaintiff demands a trial by jury on all claims they have asserted herein.

## Prayer for Relief

WHEREFORE, Plaintiff demand:

1.     Judgment against Defendants for an amount equal to Plaintiff' overtime wages at the applicable rates;

2.     Judgment against Defendant for an amount equal to Plaintiff Carolina Bazan's unpaid wages for her last two weeks of employment with the Defendants.

3.     An equal amount to the damages as liquidated damages;

4.     Judgment against Defendants that their violations of the FLSA were willful;

5.     To the extent that liquidated damages are not awarded, an award of prejudgment interest;

6.     All costs and attorney's fees incurred prosecuting these claims;

7.     For such further relief as the Court deems just and equitable.

Respectfully Submitted,

**KEVIN M. CHAVEZ, PLLC**

*/s/ Kevin M. Chavez*
Kevin M. Chavez
Texas Bar No. 24034371
S.D. Tex. No. 32889
6260 Westpark Dr., Suite 303
Houston, Texas 77057
281-846-1560 Telephone
866-929-1647 Facsimile
ATTORNEY-IN-CHARGE FOR
PLAINTIFF