**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **SANTOS CURUP,** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **vs.** | § | **CIVIL NO. 4:24-CV-1115** |
| | § | |
| **SAN PIETRO, LLC,** | § | |
| **XHEMAL JIMMY SHAHINI,** | § | |
| **Individually,** | § | |
| | § | |
| **Defendants.** | § | |

## DEFENDANT'S ORIGINAL ANSWER

Defendants San Pietro, LLC and Xhemal Jimmy Shahini (collectively, "Defendants") file this Answer and Defenses (collectively, "Answer") to the Original Complaint ("Complaint") [Dkt. 1] filed by Plaintiff Santos Curup ("Plaintiff"). In support of their Answer, Defendants respond as follows:

## GENERAL DENIAL

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendants deny all allegations contained in the Complaint that are not specifically admitted to in this Answer.

## ANSWER TO PLAINTIFF'S ALLEGATIONS

Subject to and without waiving their general denial, Defendants specifically respond to Plaintiff's allegations as follows (which correspond to the Complaint's numbered paragraphs):

The introductory paragraph in Plaintiff's Complaint does not set forth factual allegations requiring a specific admission or denial.

**Parties**

1. Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 1 of the Complaint, and therefore, denies them.

2. Defendants admit that San Pietro, LLC is a Texas limited liability company that employed Mr. Curup and that it may be served though its registered agent Xhemal Jimmy Shahini. Defendants otherwise deny the remaining allegations in Paragraph 2 of the Complaint.

3. Defendants admit Xhemal Jimmy Shahini is an individual that is registered as the owner of San Pietro. Defendants otherwise deny the remaining allegations in Paragraph 3 of the Complaint.

**Jurisdiction and Venue**

4. Defendants deny the allegations in Paragraph 4 of the Complaint.

**Coverage**

5. Defendants deny the allegations in Paragraph 5 of the Complaint.

6. Defendants deny the allegations in Paragraph 6 of the Complaint.

7. Defendants deny the allegations in Paragraph 7 of the Complaint.

8. Defendants deny the allegations in Paragraph 8 of the Complaint.

9. Defendants admit the allegations in Paragraph 9 of the Complaint.

10. Defendants admit the allegations in Paragraph 10 of the Complaint.

11. Defendants admit the allegations in Paragraph 11 of the Complaint.

12. Defendants admit the allegations in Paragraph 12 of the Complaint.

13. Defendants deny the allegations in Paragraph 13 of the Complaint.

**Factual Allegations**

14. Defendants deny the allegations in Paragraph 14 of the Complaint.

15. Defendants deny the allegations in Paragraph 15 of the Complaint.

16. Defendants deny the allegations in Paragraph 16 of the Complaint.

17. Defendants deny the allegations in Paragraph 17 of the Complaint.

18. Defendants deny the allegations in Paragraph 18 of the Complaint.

19. Defendants deny the allegations in Paragraph 19 of the Complaint.

20. Defendants deny the allegations in Paragraph 20 of the Complaint.

21. Defendants deny the allegations in Paragraph 21 of the Complaint.

22. Defendants deny the allegations in Paragraph 22 of the Complaint.

23. Defendants deny the allegations in Paragraph 23 of the Complaint.

24. Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 24 of the Complaint, and therefore, denies them.

25. Defendants deny the allegations in Paragraph 25 of the Complaint.

26. Defendants deny the allegations in Paragraph 26 of the Complaint.

27. Defendants deny the allegations in Paragraph 27 of the Complaint.

28. Defendants admit that Plaintiff was paid on an hourly basis and was required to track his time. Defendants otherwise deny the remaining allegations in Paragraph 28 of the Complaint.

29. Defendants deny the allegations in Paragraph 29 of the Complaint.

30. Defendants deny the allegations in Paragraph 30 of the Complaint.

31. Defendants deny the allegations in Paragraph 31 of the Complaint.

**Plaintiff's Individual Allegations**

32. Defendants deny the allegations in Paragraph 32 of the Complaint.

33. Defendants deny the allegations in Paragraph 33 of the Complaint.

## CAUSES OF ACTION

### Alleged Violation of the FLSA – Failure to Pay Overtime Wages Owed

34.    Defendants deny the allegations in Paragraph 34 of the Complaint.

35.    Defendants deny the allegations in Paragraph 35 of the Complaint.

36.    Defendants deny the allegations in Paragraph 36 of the Complaint.

### Jury Demand

37.    Paragraph 37 is a jury demand to which Defendants need not respond.

### Prayer for Relief

38.    The remainder of the Complaint is a prayer for relief requiring neither an admission nor denial by Defendant. To the extent a response is nonetheless required, Defendant denies that Plaintiffs are entitled to any relief, including that identified in this Paragraph and all subparagraphs, and deny any factual allegations in this Paragraph.

DEFENDANTS' DEFENSES AND AFFIRMATIVE DEFENSES

Without conceding that it bears the burden of proof as to any issue, Defendants assert the following defenses and affirmative defenses to some or all of Plaintiff's claims and/or damage requests, each in the alternative and to the extent necessary and applicable:

39.    The Complaint fails to state a claim, in whole or in part, upon which relief may be granted against Defendant.

40.    Defendants took no actions in violation of any federal, state or local law, rule, or regulation, including without limitation the FLSA and its implementing regulations. Instead, Defendant acted in compliance with all applicable employment laws at all times.

41.    Without admitting any violation of the FLSA or any other law, any act or omission by Defendants with respect to the matters at issue was made in good faith and in compliance with

4

all applicable statutes, regulations, orders and rulings. Defendants acted reasonably and in good faith at all material times to this proceeding based on the facts and circumstances available and known to them at the time. Defendants had reasonable grounds to believe that their acts or omission did not violate the FLSA or any other law.

42.     Plaintiff's claims are barred, in whole or in part, to the extent the alleged actions or inactions of Defendant's agents, employees or representatives, if they occurred, were not performed or taken within the course and scope of their employment.

43.     If Plaintiff performed work activities that he did not record as work and for which he was not paid, Defendant did not permit, know of, or have reason to know of those work activities or the time spent in performing those activities. Thus, time spent in performing such activities does not constitute "hours worked" or "employment" for which compensation is due.

44.     The activities for which Plaintiff seeks compensation were not "work" under the meaning of the FLSA. The activities were not integral and indispensable to the principal activities of their employment and/or were for their own benefit or convenience. To the extent Plaintiff worked any uncompensated time, Defendant lacked actual or constructive knowledge of such work activities or the time spent in performing those activities.

45.     Plaintiff's claims are barred, in whole or in part, by the doctrine(s) of waiver, laches, consent, acquiescence, ratification, unclean hands, failure of conditions precedent, mitigation, res judicata, statute or other periods of repose or limitations, and/or negligent or intentional misrepresentation.

46.     No act or omission of Defendants that are alleged to have violated the FLSA were willful, knowing, or in reckless disregard for the provisions of the law. Therefore, Plaintiff is not

entitled to penalty, multiplication of or addition to damages (including liquidated damages), or extension of any statute of limitations period.

47.     Plaintiff's claims are barred by the doctrine of estoppel. Plaintiff is estopped from bringing a cause of action under the FLSA, or from receiving time and one-half for any hours worked in excess of forty in a work week because he, among other things, accepted the denominated rate of pay and/or failed or refused to comply with the prevailing terms, conditions, policies, and/or procedures governing his employment. To the extent the evidence shows Plaintiff may have misled Defendants concerning working hours or compensable activities, Plaintiff should not profit from these actions.

48.     No award of attorneys' fees could be appropriate or reasonable for Plaintiff under the FLSA because Plaintiff was paid above minimum wage, was paid all amounts due, and failed to identify or report the time or amounts he seeks or claims as due.

49.     To the extent allowed by law, Defendants seeks recovery of their reasonable and necessary attorneys' fees and costs.

50.     Defendants hereby gives notice that they may rely upon other applicable defenses and affirmative defenses as may become available or apparent during the course of discovery in this case. Defendants hereby reserve the right to amend this Answer; to add additional defenses or affirmative defenses; to delete or withdraw any of its defenses or affirmative defenses; and to add counterclaims as may become necessary after a reasonable opportunity for discovery.

## **PRAYER**

Defendants respectfully request that Plaintiff take nothing in this suit; that Plaintiff's claims be dismissed with prejudice; that all relief prayed for by Plaintiff be denied; and that the Court enter

6

final judgment in favor of Defendants and against Plaintiff on all claims. Defendant further requests that the Court award Defendants their attorneys' fees, costs of court and litigation.

Dated April 09, 2025

*/s/ Billy Robinett*
Billy Robinett <attorney-in-charge>
Texas Bar No.: 24124176
Federal Court ID: 3633010
Shelby N. Payne
Texas Bar No.: 24131576
Federal Court ID: 3761733
**The Atlas Law Firm, PLLC**
11767 Katy Fwy, Ste. 1100
Houston, Texas 77079
Tel: 832-225-8353
Fax: 888-861-1304
billy@atlasfirm.law
shelby@atlasfirm.law

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that a true and correct copy of the forgoing has been delivered on April 09, 2025, to all counsel of record via the Court's electronic filing system.

*/s/ Billy Robinett*

Billy Robinett

Kevin M. Chavez, PLLC
6260 Westpark Drive, Suite 303
Houston, Texas 77057
Office: 281-846-1560
Fax: 866-929-1647
Kevin@rhemalegal.com